CHANCERY.

Case 4.

## Dyer *vs* Mears &c. Basham *vs* Mears &c.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Priority of Lien. Attachment in Chancery.*

April 29, 1840.

JUDGE MARSHALL delivered the Opinion of the Court.

Where the bonds of indemnity given by two attaching creditors were executed on the same day, and there is nothing to show which was first executed, the one obtained the first order from the Chancellor, the other had process served 10 minutes first —held that the attached effects should be divided *pro rata.*

[THE following opinion of the Court, rendered on the 29th April, 1840, was not then designated by the Court for publication; and the following brief statement of facts is deemed necessary to a correct understanding and application of the principles recognized in the opinion.

The steam boat Mt. Vernon had been attached and sold by order of the Chancellor, and part of the price remained in the hands of the Master. On the 13th of the month Basham filed his bill in open Court for attaching in the hands of the Master a portion of the remaining price for which the boat sold, to satisfy his demand. An order was made conditional, to become effectual on giving a bond of indemnity, which was done on the 14th. Dyer on the next day filed his bill for a like purpose, and a like order was made by the Chancellor at his chamber. They both executed bonds on the same day, and Dyer had his subpœna served on the Master ten minutes before Basham—these facts appear on the record.

REPORTER.]

As the funds attached under the bill of Basham, &c. and under that of Dyer were in the hands of the Master and subject implicitly to the order of the Court, and may be considered as in fact in Court, we are of opinion that the lien of each party upon the fund must take date from the time when the order of attachment in his case took effect, and that as in each case the order of attachment was to take effect only on the execution of a bond by the attaching creditor, the priority of lien depends upon the order of time in which the bonds were executed, and not either upon the priority of the order of attachment in the one case, or the priority of the service of the subpœna upon the Master, in the other.

But in this case, both bonds were executed on the same day, and there is nothing on the face of either to

indicate which was first executed. And as we do not find any conclusive presumption as to this point, either in the fact that Basham & Co. filed their bill and obtained their order of attachment one day sooner, or that Dyer, though latest in commencing his proceedings, had his subpœna served upon the Master ten minutes before the other; and it being impossible to determine satisfactorily which of the parties is entitled to absolute precedence by executing bond first, the only safe conclusion seems to be that the fund which is insufficient to satisfy both demands should be divided between them in proportion to their respective amounts. Each of these parties seems to have been pursuing the same fund with reasonable diligence, and even if it is to be presumed that Dyer knew of the order made in Court upon the bill of Basham & Co. before he filed his own bill, he was not bound to wait until that order should become effectual by the execution of the required bond, and if he had shown that his subsequent order was first made effectual by his superior diligence, he ought not to have lost his advantage merely because he may be presumed to have known that a prior conditional order had been made upon the same fund in favor of another.

The decree is reversed and the cause remanded, with directions to render a decree dividing the fund in contest between Dyer on the one part, and Basham & Co. on the other, in proportion to the amount of their respective demands.

And the costs in this Court are divided.

*Kearney* for plaintiff; *Owsley* for defendant.